IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DEBORAH MESEC,

        Plaintiff,

  v.                             Civil Action No.
                                   8:16-CV-1354 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,[1]

        Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| EAGLIN LAW OFFICE<br>P.O. Box 6033<br>Syracuse, NY 13217 | PAUL B. EAGLIN, ESQ. |
| OSTERHOUT DISABILITY LAW<br>521 Cedar Way, Suite 200<br>Oakmont, PA 15139 | KARL E. OSTERHOUT, ESQ. |
| FOR DEFENDANT: | |
| HON. GRANT JAQUITH<br>Acting United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | MARIA P. SANTANGELO, ESQ.<br>Special Assistant U.S. Attorney |

---

[1] Carolyn W. Colvin, the former Acting Commissioner of Security, who was the originally-named defendant, was recently replaced by Nancy A. Berryhill, who currently serves in that position. Because Carolyn W. Colvin was sued only in her official capacity, Nancy A. Berryhill has been automatically substituted for Carolyn W. Colvin as the named defendant. *See* Fed. R. Civ. 25(d).

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[2] Oral argument was heard in connection with those motions on August 29, 2017, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: August 31, 2017
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEBORAH MESEC,

                        Plaintiff,

vs.                                           8:16-CV-1354

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                        Defendant.

------------------------------------------------------------x

                    DECISION - August 29, 2017

         James Hanley Federal Building, Syracuse, New York

                   HONORABLE DAVID E. PEEBLES

           United States Magistrate-Judge, Presiding



                A P P E A R A N C E S (by telephone)

For Plaintiff:      OSTERHOUT DISABILITY LAW
                    Attorneys at Law
                    521 Cedar Way
                    Oakmont, PA 15139
                      BY:  KARL E. OSTERHOUT, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  MARIA FRAGASSI SANTANGELO, ESQ.
```

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

THE COURT: I have before me a request for judicial review of an adverse determination by the Acting Commissioner of Social Security pursuant to 42, United States Code, Section 405(g). The background is as follows.

The plaintiff was born in August of 1954. She is currently 63 years old, was 60 at the time of the hearing in this matter, and 56 at the time of her alleged disability onset.

She lives with her husband in Plattsburgh and four grandchildren ranging in ages at the time of the hearing from 11 to 18. She spends from November to April in Florida. She has a ninth grade education. She has a driver's license and drives approximately two times per week. She is right hand dominant.

She last worked in June of 2011 as a school bus driver in a position she had held for 23 years. In June of 2011 she retired. It was a planned retirement.

When she applied for disability benefits, she alleged, at page 129, that she suffered from diabetes, which was actually diagnosed seven years before the 2014 hearing, and that includes low sugar spikes, obesity, high blood pressure/hypertension and high cholesterol. She treats for her diabetes with endocrinologist Dr. C. Alexander-Decker.

She has also in the past received some treatment for cervical and lumbar back pain, including from Christopher

1  Benoit, a chiropractor. She received some sort of Workers'
2  Compensation treatment from April 2005 until April 2010, when
3  she was released after her condition had improved, and it was
4  indicated that she was working with no disability. That's at
5  page 632. It also indicated that she did undergo treatment
6  for low back complaints between June 2006 and July 2006,
7  approximately four times.
8  　　　　In terms of her back pain, however, she told
9  Dr. Wassef that she had not discussed her lower back pain
10 with her primary care provider, Dr. Tracy Orkin, D.O., and
11 she denied back pain to Dr. Orkin in October 2017. That's at
12 page 611 and also at 615.
13 　　　　She has suffered in the past from RLS and she has
14 been prescribed Klonopin. She reports to Dr. Wassef that she
15 engages in daily activities, including cooking, cleaning,
16 laundry, shopping, she takes care of her personal hygiene,
17 watches television, listens to the radio, socializes with
18 friends, goes camping, goes to church, walks. At page 619
19 and 628 it indicates that she walks sometimes a half mile.
20 When she's in Florida she engages in community activities,
21 goes to potluck suppers and goes to flea markets and she
22 finds that she loses weight.
23 　　　　In 2011 after retiring she took her grandson to
24 Arkansas for a fishing tournament. That's at page 378. And
25 it is indicated that she has or at least has planned to

1  continue as a substitute bus driver after her retirement.
2  Procedurally, plaintiff applied for disability
3  insurance benefits under Title II of the Act on June 19,
4  2013, alleging a disability onset date of June 20, 2011,
5  coinciding with her retirement date.  A hearing was conducted
6  on October 23, 2014 by Administrative Law Judge Michelle
7  Marcus.  ALJ Marcus issued a decision on February 6, 2015
8  finding that plaintiff could not establish the existence of
9  any conditions significantly limiting her ability to perform
10 basic functions and could not satisfy step two of the
11 sequential tests for determining disability.  Social Security
12 Administration Appeals Council denied review on September 21,
13 2016.
14 As I indicated, ALJ Marcus issued a decision where
15 she intended to apply the five step sequential test for
16 determining disability, but ended the analysis at step two
17 concluding that plaintiff did not suffer from any condition
18 that significantly limited her ability to work or perform
19 basic functions.  And that hinged upon the rejection of a
20 decision by the consultative examiner, Dr. Wassef, that was
21 explained in the decision as based upon not only the medical
22 source opinion being nonspecific but also inconsistent with
23 musculoskeletal findings on the examination, which were
24 normal with completely normal range of motion in lumbar spine
25 and extremities, normal stance and gait, and ability to squat

1  was full, and she also reported no difficulties in daily
2  activities.  That's at page 22 of the record.
3           As you know, my task is limited.  The scope of
4  review is extremely deferential.  I must determine whether
5  correct legal principles were applied and whether substantial
6  evidence supports the Commissioner's determination.  The
7  Commissioner's determination became final on September 21,
8  2016 when the Social Security Administration Appeals Council
9  denied plaintiff's request for a review.
10          First turning to the decision to reject
11 Dr. Wassef's consultative examination opinion, that was
12 explained, as I said, on page 22 of the record.  It is
13 well-established, including under *Pellam versus Astrue*, 508
14 F. App'x 87, that the Commissioner, even though ordering a
15 consultative examination, is not required to accept the
16 findings of that examination.
17          In this case it is clear that the medical source
18 statement is not sufficiently specific when it uses terms
19 like moderately limited.  But more importantly, there is
20 nothing in the objective findings of Dr. Wassef that would
21 support the limitations that he opined.  Lumbar spine shows
22 full flexion, extension, lateral flexion bilaterally, and
23 full rotary movement bilaterally, straight leg raise test was
24 negative bilaterally, full range of motion of shoulders,
25 elbows, forearms, and wrists bilaterally, and on, and on.  No

1  neurological deficits, strength 5/5 in upper and lower
2  extremities. So there really is nothing that would support
3  the statement, the opinions of Dr. Wassef.
4      So I find that the rejection is properly explained.
5  Which leaves the question whether the lack of any medical
6  source statement is fatal to the Commissioner's position.
7  And the Second Circuit's decision in *Monroe versus*
8  *Commissioner of Social Security*, and also the case relied on
9  in that decision, *Tankisi versus Commissioner of Social*
10 *Security*, 521 F. App'x 29, the lack of a medical source
11 statement is not necessarily fatal if there is sufficient
12 evidence in the record from which the Administrative Law
13 Judge without making his own or her own medical decisions can
14 rely.
15     In this case, first of all, I respectfully
16 disagree. I don't think that the regulations require that
17 the Administrative Law Judge recontact a consultative source.
18 I don't find any gap in the record. Just because the
19 consultative examiner's report was rejected, here there were
20 extensive treatment notes from the endocrinologist and
21 primary care provider. And as the Commissioner noted, the
22 endocrinologist was contacted but declined to complete a
23 medical source statement.
24     So the question really is has plaintiff carried her
25 burden of demonstrating the existence of a condition that

1  significantly limits her physical or mental ability to do
2  basic work activities as those are defined under 20 C.F.R.
3  Section 404.1522. Again, it is plaintiff's burden, and it is
4  well-established under *Monguer* and other cases, that the mere
5  existence of a medical condition, a diagnosed medical
6  condition, does not equate to impairment.
7         The evidence in this case shows that the plaintiff
8  worked with diabetes since 2006 or 2007. She is holding
9  herself out as able to work as a substitute. I agree with
10 the Commissioner that the treatment notes of the
11 endocrinologist do not show significant deterioration and,
12 frankly, don't show much difference between the pre-June 2011
13 and post-June 2011 dates.
14         And so I conclude that the Commissioner's
15 determination that plaintiff has not satisfied her burden at
16 step two is supported by substantial evidence. I will grant
17 judgment on the pleadings to defendant and dismiss
18 plaintiff's complaint.
19         Thank you both for excellent presentations. Have a
20 good day.
21              *           *           *

C E R T I F I C A T I O N

       I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*[Signature]*

EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter